IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DOUGLAS L. FRANCOM,<br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE AND MOTION TO APPOINT COUNSEL<br><br>Case No. 2:09-CR-150 TS<br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Reduce Sentence and Motion to Appoint Counsel. For the reasons discussed below, the Court will deny the Motions.

I. BACKGROUND

Defendant was charged with three counts of possession of methamphetamine with intent to distribute in March 2009. Defendant pleaded guilty to a single count pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed to a sentence of 188 months. The Court accepted the parties' agreement and imposed a sentence of 188 months. Defendant now requests a reduction in his sentence. Defendant also requests the appointment of counsel to assist him to pursue his Motion.

II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. §

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

3582(c)(2) allows the Court to modify a term of imprisonment under the following circumstances:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

In 2014, Amendment 782 to the Sentencing Guidelines reduced "by two levels many of the base offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c)."[3] Based upon that amendment, Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). This statute "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."[4]

The United States argues that Defendant is not entitled to a sentence reduction because his sentence was not based on a sentencing range that has since been lowered but was instead based on the parties' 11(c)(1)(C) agreement. In *Hughes v. United States*,[5] the Supreme Court clarified that defendants who, like Defendant here, enter into agreements under Rule 11(c)(1)(C) generally remain eligible for relief under § 3582(c)(2).[6] This is true "absent clear demonstration,

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016).

[4] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

[5] ---U.S.---, 138 S. Ct. 1765 (2018).

[6] *Id.* at 1776.

based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines."[7]

The Court cannot conclude that the record here is sufficiently clear to deny relief on this ground. While the United States is correct that the guidelines were not mentioned at the sentencing hearing, the agreed-upon sentence was at the high end of the guideline range. Thus, it seems likely that the guidelines played a role in the sentencing determination. Therefore, the Court will assume that Defendant's sentenced was based on a guideline range that was subsequently lowered.

In the alternative, the United States argues that Defendant's Motion should be denied after consideration of the § 3553(a) factors. Sentencing Guideline 1B1.10 directs the Court to consider these factors to determine "whether a reduction in the defendant's term of imprisonment is warranted."[8] The Court must also "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."[9] The Court may also consider post-sentencing conduct.[10]

Considering all these things, the Court concludes that a sentence reduction is not warranted. Defendants' conviction here resulted from a repeated pattern of possessing methamphetamine for distribution. Defendant faced a possible 20-year or lifetime minimum mandatory sentence for his conduct. Defendant was on federal supervision at the time he committed the instant offense. Defendant also has a significant and serious criminal history

---

[7] *Id.*

[8] USSG § 1B1.10, Application Note 1(B)(i).

[9] *Id.* Application Note 1(B)(ii).

[10] *Id.* Application Note 1(B)(iii).

involving controlled substances and violent conduct. Based upon these facts, the Court concludes that Defendant poses a danger to the public and a reduction in his sentence is not in keeping with the § 3553(a) factors.

Defendant requests the appointment of counsel to pursue his requested sentence reduction. Defendant has no "constitutional right to assistance of counsel in pursuing his § 3582 motion."[11] The decision whether to appoint counsel is left to the court's discretion.[12] Because Defendant is entitled to no further relief under § 3582(c)(2), the Court declines to appoint counsel.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Reduce Sentence (Docket No. 96) is DENIED. It is further

ORDERED that Defendant's Motion to Appoint Counsel (Docket No. 103) is DENIED.

DATED this 1st day of February, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

[11] *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (collecting cases).

[12] *Id.*